**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

NOV 27 2001

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRUNO H. OCHOA,

Defendant-Appellant.

No. 01-6029
(D.C. No. 00-CR-88-R)
(W.D. Okla.)

ORDER AND JUDGMENT*

Before **SEYMOUR**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Bruno Ochoa appeals his conviction under 18 U.S.C. § 922(g)(1) on the charge of possessing a firearm after having been convicted of a felony. He also appeals his sentence enhancement as an armed career criminal. With respect to his conviction, Mr. Ochoa asserts that the district court erred in overruling his motion to dismiss for lack of jurisdiction, and alternatively that the evidence was insufficient to establish he knowingly possessed the firearm. With respect to his

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence, he contends under *Apprendi v. New Jersey,* 530 U.S. 466 (2000), that his punishment should have been limited to ten years' imprisonment under 18 U.S.C. § 924(a)(2) because the government failed to charge and prove at trial that he had previously been convicted of three or more qualifying violent or drug felonies. For the reasons set out below, we affirm Mr. Ochoa's conviction and sentence.

## I

Prior to trial, Mr. Ochoa filed a motion to dismiss for lack of jurisdiction, asserting that 18 U.S.C. § 922(g)(1), the felon-in-possession statute, is unconstitutional under the Supreme Court's rulings in *Jones v United States,* 529 U.S. 848 (2000)*, United States v Morrison,* 529 U.S. 598 (2000), and *United States v Lopez*, 514 U.S. 549 (1995). He acknowledges, however, that this argument is foreclosed by our decision in *United States v Dorris*, 236 F.3d 582 (10th Cir 2000), which rejected a similar argument. Counsel has included the argument to preserve it for further review.

## II

Mr. Ochoa next contends the evidence at trial was insufficient to establish beyond a reasonable doubt that he knowingly possessed the firearm found by police in the glove compartment of an automobile he owns and was in possession of at the time of the discovery. Unfortunately for Mr. Ochoa, the determination

of his knowledge was made by the jury after resolving a credibility dispute between Mr. Ochoa and a policeman on the scene.

The evidence reflects that Mr. Ochoa and two other individuals were dismantling a stolen automobile when they were discovered by police. Mr. Ochoa ran to his car and started driving off, at which point Officer Sparks blocked Mr. Ochoa's vehicle with the police car. Mr. Sparks testified as follows regarding what occurred next:

Q. After you blocked him in with your motor vehicle, what happened?

A. I made eye contact with the defendant. At that time, the defendant – after I made eye contact with him, laid down in the seat. I then exited my vehicle, went around the back of my vehicle and started making verbal comands to the third subject, which was standing in between the pickup and the Impala, for him to get down on the ground and then verbal commands to the defendant to get his hands up.

Q. Did the defendant respond to your verbal commands?

A. No, sir.

Q. Could you still see the defendant as you were exiting the patrol unit?

A. I could see his left shoulder and his hand through the back window trying to get into the glove box.

Q. How long did it take you to get around your patrol vehicle to the driver's side door of the Chevy Impala with the defendant?

A. Oh, just a couple of seconds.

. . . .

-3-

Q. When you got to the driver's side of the Chevy Impala, what do you do?

A. I opened the door and the defendant was still trying to get into the glove box. I opened the door and grabbed his left hand and proceeded to pull him from the vehicle.

Q. While you're doing this, were you still ordering him to show his hands and get out of the vehicle?

A. Yes. Yes, sir, I was.

Q. When you pulled the defendant out of the Chevy Impala, what happened?

A. As I was pulling him out, the glove compartment fell open. I pulled him out to the ground, put handcuffs on him, and looked back into the car to the open glove box and there was a Glock – semiautomatic Glock pistol in the glove box.

Rec., vol 3 at 14-16. On cross-examination, Officer Sparks clarified:

Q. When you approached the car, you said you saw Mr. Ochoa's left shoulder. He was leaning over in the seat.

A. Yes sir.

Q. Do you know whether he was rolling up the window at the time you approached his car?

A. He was trying to get into his glove box. I could clearly see that.

Q. You could clearly see him trying to get into the glove box?

A.  He had his hand on the glove box knob.

*Id.* at 24.

Although Mr. Ochoa testified that he had been trying to roll up the window

-4-

of the passenger side of the car rather than get into the glove box, the jury obviously chose to believe the testimony of Mr. Spears. That testimony was sufficient to support an inference by the jury that Mr. Ochoa was aware of the firearm in the glove compartment of his car.

### III

Finally, Mr. Ochoa asserts the district court erred in sentencing him pursuant to the enhanced penalty provisions of 18 U.S.C. § 924(e) and the corresponding armed career criminal sentencing guideline. Relying on *Apprendi,* Mr. Ochoa argues his punishment should have been limited to ten years because the government failed to charge him with or prove at trial the three qualifying violent or drug felonies necessary to enhance the sentence. Once again, counsel for Mr. Ochoa acknowledges that this argument is foreclosed by our opinion in *Dorris,* 236 F. 3d at 586-88, where we followed *Almendarez-Torres v. United States,* 523 U.S. 224 (1998)(holding prior felony convictions are mere sentence enhancements not required to be proven at trial). The Court in *Apprendi* did not overrule *Almendarez-Torres.*

Accordingly, we **AFFIRM** Mr. Ochoa's conviction and sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-